IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS ANTHONY MURCIA, ) | No. C 09-3866 MMC (PR) |
| ) | |
| Petitioner, ) | **ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED** |
| ) | |
| v. ) | |
| ) | |
| RICK HILL, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

    On August 24, 2009, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order filed September 4, 2009, the Court granted petitioner's request to stay the petition while he returned to state court to exhaust his unexhausted claims. Additionally, the Court directed the Clerk of the Court to administratively close the case while the stay remained in effect. Subsequently, the Court, by order filed May 20, 2011, granted petitioner's request to reopen the case on the ground his claims are now exhausted. By that same order, the Court directed petitioner to file an amended petition that contains all of his exhausted claims. Petitioner has now filed an amended petition.

    Petitioner claims his conviction violates his federal constitutional rights because (1) certain jury instructions were defective; (2) there was prosecutorial misconduct; (3) petitioner suffered ineffective assistance of trial counsel; (4) petitioner suffered ineffective assistance of appellate counsel; (5) the trial court improperly allowed testimony from a mentally incompetent witness; and (6) the cumulative effect of the foregoing errors violated his right

to due process. Liberally construed, petitioner's claims are cognizable, and respondent will be directed to respond to the petition. See 28 U.S.C. § 2243.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk shall serve by certified mail a copy of this order and the amended petition (Docket No. 17), upon respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

3. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for

failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      6. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

      IT IS SO ORDERED.

DATED: October 3, 2011

                                        MAXINE M. CHESNEY
                                        United States District Judge