IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIS ANTHONY MURCIA,<br><br>        Petitioner,<br><br>  v.<br><br>RICK HILL, Warden,<br><br>        Respondent.<br>_____ | No. C 09-3866 MMC (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION AS UNTIMELY**<br><br>**(Docket No. 19)** |

On August 24, 2009, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order filed September 4, 2009, the Court granted petitioner's request to stay the petition while he returned to state court to exhaust his unexhausted claims. Additionally, the Court directed the Clerk of the Court to administratively close the case while the stay remained in effect. Subsequently, the Court, by order filed May 20, 2011, granted petitioner's request to reopen the case, on the ground his claims had been exhausted. By that same order, the Court directed petitioner to file an amended petition that contained all of his exhausted claims. Petitioner filed an amended petition on September 26, 2011, and the Court issued an Order to Show Cause. Now before the Court is respondent's motion to dismiss the petition as untimely.

## BACKGROUND

In 2004, a jury in Contra Costa County Superior Court found petitioner guilty of second-degree murder. Petitioner was sentenced to a term of 16 years to life in state prison.

(Mot. to Dismiss Ex. 1.)

On August 25, 2006, the California Court of Appeal affirmed the judgment. (Mot. to Dismiss Ex. 2.) On December 13, 2006, the California Supreme Court denied review. (Mot. to Dismiss Ex. 3.)

On February 7, 2008, petitioner filed a habeas petition in the Contra Costa County Superior Court. (Amended Pet. Attach. 2 at Ex. A.) On March 24, 2008, the Superior Court denied the petition. (Id. at Ex. B.)

As noted, the instant federal habeas petition was filed on August 24, 2009.

On June 9, 2010, petitioner filed a habeas petition in the California Supreme Court. (Mot. to Dismiss Ex. 4.) On January 19, 2011, the California Supreme Court denied the petition. (Id.)

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

Here, the state courts' direct review of petitioner's conviction and sentence ended on December 13, 2006, when the Supreme Court of California denied the petition for review. The "time for seeking" direct review under 28 U.S.C. § 2244(d)(1)(A), however, includes the ninety-day period within which a petitioner may file in the United States Supreme Court a petition for a writ of certiorari under Supreme Court Rule 13, whether or not the petitioner actually files such a petition. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). As a result, petitioner's "time for seeking" direct review expired, and the one-year limitations

---

[1] In rare instances, not presented by the instant petition, the limitations period may run from a date later than the date on which the judgment became final. See 28 U.S.C. § 2244(d)(1)(B)-(D).

period for filing a federal habeas petition began, on March 13, 2007, ninety days after December 13, 2006. One year later, on March 13, 2008, the limitations period expired. The instant petition is deemed filed on July 14, 2009,[2] more than one year later. Consequently, absent statutory or equitable tolling, the petition is untimely.

A.   Statutory Tolling

Pursuant to 28 U.S.C. § 2244, the one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." See 28 U.S.C. § 2244(d)(2). An application for review remains "pending" in state court until it "has achieved final resolution through the State's post-conviction procedures." Carey v. Saffold, 536 U.S. 214, 220 (2002). Consequently, in the instant case, petitioner is entitled to 46 days of tolling, from February 7, 2008 to March 24, 2008, the time during which his habeas petition was pending in the Superior Court. Petitioner thus had until April 28, 2008, 46 days after March 13, 2008, to file a timely petition. The instant petition, as noted, is deemed filed July 14, 2009; consequently said petition was filed more than a year after the expiration of the limitations period as extended by statutory tolling.[3]

---

[2] A pro se federal habeas petition is deemed filed at the time the prisoner signs the petition and, presumptively, gives it to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002). It appears the instant petition was signed on July 14, 2009. (See Pet. at 7.)

[3] The limitations period is not tolled for the period between the date on which "a final decision is issued on direct state appeal and the date on which the first state collateral challenge is filed, because there is no state case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Thus, in the instant case, the limitations period was not tolled between March 13, 2007, the date on which the limitations period commenced, and February 7, 2008, the date on which petitioner filed his state habeas petition in the Superior Court. Consequently, by the time petitioner filed his state habeas petition in the Superior Court, 331 days of the 365-day limitations period had elapsed.
  The limitations period likewise is not tolled for the period between the date on which the state court judgment becomes final and the date on which a federal habeas petition is filed. See Nino, 183 F.3d at 1007. Thus, in the instant case, the limitations period was not tolled between March 24, 2008, the date on which the petition in the Superior Court was denied, and July 14, 2009, the date on which petitioner's federal petition is deemed filed. Consequently, another 477 days elapsed during that period.
  When the 331 days that elapsed before petitioner filed his first state habeas petition

1  Petitioner's subsequent state habeas petition, filed June 9, 2010, is of no assistance to
2 petitioner with respect to tolling. The limitations period is not tolled for applications filed
3 after the AEDPA limitations period has expired. See Ferguson v. Palmateer, 321 F.3d 820,
4 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations
5 period that has ended before the state petition was filed").

6  Accordingly, the Court finds the petition is not rendered timely on the basis of
7 statutory tolling.

8 B.  Equitable Tolling

9  AEDPA's one-year limitations period is subject to equitable tolling. Holland v.
10 Florida, 130 S. Ct. 2549, 2560 (2010). "[A] petitioner is entitled to equitable tolling only if he
11 shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary
12 circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation
13 and citation omitted). In opposition to the motion to dismiss, petitioner argues he is entitled to
14 equitable tolling because he is "completely ignorant of the law" and the "prison law libraries
15 did not provide [him] with any legal assistance." (Opp. Mot. to Dismiss at 4.) Petitioner's
16 asserted lack of familiarity with the law is not an extraordinary circumstance justifying
17 equitable tolling. See Johnson v. United States, 544 U.S. 295, 311 (2005) ("[W]e have never
18 accepted pro se representation alone or procedural ignorance as an excuse for prolonged
19 inattention when a statute's clear policy calls for promptness"); Raspberry v. Garcia, 448 F.3d
20 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by
21 itself, an extraordinary circumstance warranting equitable tolling.")

22  Accordingly, the Court finds the petition is not rendered timely on the basis of
23 equitable tolling.

---

are added to the 477days that elapsed after petitioner's state habeas petition was denied, the result is 808 days that passed from the time the limitations period commenced until the date on which petitioner filed the instant petition, i.e., 443 days in excess of the one-year limitations period.

4

**CONCLUSION**

For the foregoing reasons:

1. Respondent's motion to dismiss the instant petition as untimely is hereby GRANTED.

2. The Clerk shall enter judgment and close the file.

This order terminates Docket No. 19.

IT IS SO ORDERED.

DATED: April 16, 2012

_____
MAXINE M. CHESNEY
United States District Judge